**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **JESSIE R. LEE,**[1]    ) | |
| )  | |
| Petitioner,    ) | |
| )  | Case No. 13-CV-2034 |
| v.    ) | |
| )  | |
| **RANDY PFISTER, Warden,**  ) | |
| )  | |
| Respondent.   ) | |

## **OPINION**

On February 5, 2013, Petitioner, Jessie R. Lee, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (#1). Petitioner alleged numerous grounds for relief, claiming that his constitutional rights had been violated. Petitioner also attached many pages of documents to his Petition. In addition, Petitioner filed a Motion for Leave to Proceed in forma pauperis (#2) and a Motion to Appoint Counsel (#4). On April 12, 2013, this court entered an Order (#8). This court noted that, in his Motion for Leave to Proceed in forma pauperis, Petitioner stated, "Please go ahead and charge my account for the $5.00 filing fee." This court therefore ordered Petitioner to pay the $5.00 filing fee within 30 days and found his Motion for Leave to Proceed in forma pauperis (#2) to be MOOT.

Since that time, this court has received a partial filing fee in the amount of $2.00.

---

[1] Petitioner has filed this case as "Jessie R. Lee." He has previously filed numerous cases in the Central District of Illinois under the name "Jesse Lee" or "Jesse R. Lee." In addition, the records from his underlying criminal conviction are all under the name "Jesse R. Lee."

Petitioner has also filed another Motion for Leave to Proceed in forma pauperis (#10). This court concludes, however, that it is not necessary to sort out the filing fee issue. After careful review of Petitioner's Petition (#1) and the documents attached to it, it is clear that his Petition is untimely and must be dismissed.

## **FACTS**

In October 2004, Petitioner was found guilty following a jury trial of predatory criminal sexual assault of a child. On November 30, 2004, Petitioner was sentenced in the circuit court of Coles County to a term of 60 years in prison. Petitioner appealed. The Appellate Court, Fourth District, affirmed the conviction and sentence on June 5, 2007. People v. Lee, Case No. 4-05-0094 (unpublished order). There is no record showing that Petitioner filed a petition for leave to appeal (PLA) with the Illinois Supreme Court. On November 27, 2007, Petitioner filed a pro se petition for post-conviction relief in the circuit court of Coles County. The dismissal of his petition was affirmed by the Appellate Court, Fourth District, on February 5, 2010. People v. Lee, Case No. 4-08-0641 (unpublished order). Again, the record does not show that Petitioner filed a PLA.

In April 2010, Petitioner filed a pro se second petition for post-conviction relief. The petition was dismissed because he had not sought permission to file a successive post-conviction petition. Petitioner then filed a "Late Motion to Obtain Leave of Court," which was denied. The trial court also denied Petitioner's motion to reconsider. Petitioner appealed, and his appointed counsel filed a motion to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), because any request for review would be frivolous and without

merit. On February 23, 2012, the Appellate Court, Fourth District, granted the motion to withdraw pursuant to Finley and affirmed the judgment of the trial court. People v. Lee, Case No. 4-10-0593 (unpublished order). Petitioner was later allowed to file a late PLA regarding Case No. 4-10-0593 with the Illinois Supreme Court. The Illinois Supreme Court denied the PLA on January 30, 2013.

## ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A Section 2254 petition has a one year statute of limitations. According to 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable

>  to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

This court concludes, following careful review of Petitioner's Petition and the attached documents, that subsection (A) is the applicable section for determining the date the limitations period began running. The other subsections are not applicable because Petitioner has not asserted a state-created impediment to filing, a newly recognized and retroactively applicable constitutional right or a subsequently discovered factual predicate for any of his claims. Under the applicable subsection, Petitioner's conviction became final in July 2007 when it was affirmed on appeal and the period for filing a PLA expired.[2] The time ran for approximately four months, until Petitioner filed his first petition for post-conviction relief on November 27, 2007. The one-year statute of limitations period is tolled during the pendency of a properly filed application for post-conviction relief. See Martinez v. Jones, 556 F.3d 637, 638 (7th Cir. 2009), citing 28 U.S.C. § 2244(d)(2). Therefore, the time during which Petitioner's first post-conviction petition was pending tolled the limitations period.

---

[2] The current version of Illinois Supreme Court Rule 315(b) provides that a petition for leave to appeal must be filed within 35 days of the appellate court's judgment. Ill. S. Ct. R. 315(b); People v. Wallace, 941 N.E.2d 436, 439 n.4 (Ill. App. Ct. 2010).

However, the time began to run again in March 2010, after the dismissal of the post-conviction petition was affirmed on appeal and the time for filing a PLA expired.

The filing of Petitioner's second petition for post-conviction relief did not toll the limitations period. Only a "properly filed" petition for post-conviction review tolls the limitations period. See Martinez, 556 F.3d at 638. An application is "properly filed" when its "delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Illinois law, after January 1, 2004, specifically requires a petitioner to obtain leave to file a successive petition for post-conviction relief. 725 Ill. Comp. Stat. 5/122-1(f) (West 2010); Martinez, 556 F.3d at 639. Therefore, a second post-conviction petition tolls the limitations period "only if the state court grants permission to file it." Martinez, 556 F.3d at 638-39, citing Artuz, 531 U.S. at 9-10. In this case, the circuit court denied Petitioner's motion for leave to file his second post-conviction petition and the appellate court affirmed the circuit court's judgment dismissing the petition. Accordingly, the time during which proceedings regarding Petitioner's second post-conviction petition were pending did not toll the limitations period under § 2244(d)(2). See Martinez, 556 F.3d at 639; Rodgers v. Pfister, 2011 WL 3704759, at *7 (C.D. Ill. 2011). The one-year statute of limitations ran, at the latest, in March 2011. Petitioner's Petition (#1), filed on February 5, 2013, is untimely by almost two years.

This court also notes that Petitioner is a prolific filer in this court. This court concludes that Petitioner cannot show any extraordinary circumstances which prevented him

5

from filing his Petition in a timely manner.  Therefore, there is no basis for equitable tolling of the time allowed for filing his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  See Pace, 544 U.S. at 418.  This court notes that Petitioner's apparent belief that the limitations period was tolled during the time proceedings regarding his second post-conviction petition were pending does not provide a basis for equitable tolling.  See Rodgers, 2011 WL 3704759, at *8-9.

For all the reasons stated, Petitioner's Petition (#1) is dismissed as time-barred.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this court denies a certificate of appealability in this case.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim." which has happened here, "a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion should be dismissed as untimely.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1) is DISMISSED as time barred.  The clerk is directed to notify Petitioner that his

Petition has been dismissed.

(2) Petitioner's Motion to Appoint Counsel (#3) and Motion for Leave to Proceed in forma pauperis (#10) are MOOT.

(3) A Certificate of Appealability is DENIED.

(4) This case is terminated.

ENTERED this 24th day of July, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE